<hr />

## Julia A. Parker *vs.* Abraham S. Parker.

At the trial of a writ of entry, the tenant admitted that the demandant was entitled to a cellar on the demanded premises, and asked the judge to instruct the jury, if they should find for the demandant solely on the ground that he was ₑntitled to the cellar, but not tc the building over it, specially so to find; but the judge declined to do so, and instructed the jury that, if they did not find for the demandant for the whole premises, they might return a verdict for him as to the cellar only, if they could define it by metes and bounds, adding the words, "being the cellar occupied by the demandant," or they might add to their verdict for the demandant the words "for the cellar only." The jury returned a verdict for the demandant, without more. *Held,* that the tenant had no ground of exception.

WRIT OF ENTRY to recover real estate in Boston. At the trial in the superior court, before *Pitman*, J., it appeared that the demanded premises adjoined a dwelling-house occupied by the demandant, and which she held under a devise in the will of her husband, Abraham G. Parker, of " the house in which we now reside ; " and that the demanded premises also belonged to Abraham G. Parker, who was the tenant's father. The only question in the case was, whether the demanded premises were included in the devise to the demandant, as part of the house occupied by the testator, or whether they constituted a separate house. It appeared that the cellar of the house occupied by the demandant extended some ten feet under the building on the demanded premises, and the tenant expressed his willingness to disclaim all interest in the cellar.

" The tenant asked the judge to instruct the jury to find specially, whether the demandant was entitled to recover the whole of the demanded premises, or only the part of the cellar above referred to. The judge declined to do so in those words, but, having previously instructed the jury that they ' were to find as a fact whether the description in the will covered the whole or any portion of the premises demanded,' he added : ' In regard to the cellar, it is admitted by the tenant that it extends some ten feet under the part occupied by him, and that the demandant is entitled to this. In case the jury do not find for the demandant for the whole premises, they may return a verdict for the demandant as to that, if from the plans in the case they can define it by metes and bounds, and add " being the cellar occupied by the demandant." '

" The tenant then asked that the jury might be instructed, if they found for the demandant solely on the ground that she was entitled to the cellar, but not to the building over the same, specifically so to find ; which the judge declined to do, but instructed them that if they found for the demandant on that ground, they might add to their verdict the words ' for the cellar only ' as words of description, leaving their effect to be afterwards determined." The jury returned a verdict for the demandant, without more ; and the tenant alleged exceptions.

*R. M. Moi se, Jr.,* for the tenant.

*G. Morrill,* for the demandant.

BY THE COURT. The instructions of the court, upon any interpretation, did not allow the jury to find a verdict for the demandant upon the ground of a right to the cellar only, without in some way signifying that limit in their verdict. The verdict returned for the demandant generally must therefore be taken to have gone upon the broader issue of title to the whole land, and makes it unnecessary to consider whether the instructions as to the form of verdict, in case the plaintiff should be found by the jury to be entitled to the cellar only, were strictly accurate.

*Exceptions overruled.*